UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO RAMIREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.<br><br>        Defendants. | No. 1:23-cv-01554-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 19) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third motion for appointment of counsel, filed January 29, 2024. Plaintiff seeks counsel "to bring into effect an [sic] more accurate defense in litigation procedures of civil law, in the interest of justice."

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

On January 8, 2024, the Court found that Plaintiff's first amended complaint failed to state a cognizable claim for relief and granted leave to file a second amended complaint. (ECF No. 13.) Thus, the Court cannot determine that Plaintiff is likely to proceed on the merits of his case. Further, based on a review of the record in this case, the Court finds that Plaintiff is able to adequately litigate this action on his own behalf. In addition, there has been no change of circumstances in this case since the Court's last order and there is no showing for the appointment of counsel. Plaintiff is advised that he should refrain from filing any further motion for appointment of counsel unless and until he can demonstrate a substantial change of circumstances that would meet the legal standard. Accordingly, Plaintiff's third motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **January 30, 2024**                                    _____
                                                                  UNITED STATES MAGISTRATE JUDGE